1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

KIRK LUND,

        Plaintiff,

   v.

LEPRINO FOODS COMPANY; and
DOES 1 through 10, inclusive,

        Defendants.

NO. CIV. S-06-0431 WBS KJM

ORDER RE: COSTS

----oo0oo----

        On June 19, 2007, the court entered final judgment in this case in favor of defendants. Defendants have submitted a cost bill totaling $4,693.78; plaintiff has not objected.

        Rule 54(d)(1) of the Federal Rules of Civil Procedure and Local Rule 54-292(f) govern the taxation of costs to losing parties, which are generally subject to limits set under 28 U.S.C. § 1920. See 28 U.S.C. § 1920 (enumerating taxable costs); Fed. R. Civ. P. 54(d)(1) ("costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ."); L.R. 54-292(f); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987) (limiting taxable

1

costs to those enumerated in 28 U.S.C. § 1920).

The court exercises its discretion in determining whether to allow certain costs. <u>Amarel v. Connell</u>, 102 F.3d 1494, 1523 (9th Cir. 1997) (holding that the district court has discretion to determine what constitutes a taxable cost within the meaning of 28 U.S.C. § 1920); <u>Alflex Corp. v. Underwriters Labs., Inc.</u>, 914 F.2d 175, 177 (9th Cir. 1990) (same). The losing party has the burden of overcoming the presumption in favor of awarding costs to the prevailing party. <u>See</u> <u>Russian River Watershed Prot. Comm. v. City of Santa Rosa</u>, 142 F.3d 1136, 1144 (9th Cir. 1998) (noting that the presumption "may only be overcome by pointing to some impropriety on the part of the prevailing party"); <u>Amarel</u>, 102 F.3d at 1523; <u>see also</u> L.R. 54-292(d) ("If no objection is filed, the Clerk shall proceed to tax and enter costs.").

After reviewing the bill, and in light of the fact that the losing party has not objected, the court finds all costs to be reasonable. The court notes a mathematical error in adding together defendant's copying fees. Specifically, defendant paid $3,461.20 for copies produced in-house, as well as $78.89 for copies made in conjunction with subpoenas served, for a total of $3,540.09. Defendant's bill of costs lists a total of $3,530.09 for copies. Accordingly, costs of **$10,936.13** will be allowed.

IT IS SO ORDERED.

DATED: August 21, 2007

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE